UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRAJENDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 2:26-cv-03754-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Self-represented petitioner Brajender Singh is an Indian citizen who entered the United States without inspection on May 8, 2022, and was detained by U.S. Border Patrol officers shortly thereafter. Dkt. 4 at 3–4. Twenty days later, he was issued a Notice to Appear and released subject to an order of release on recognizance ("OREC"). *Id.* at 4; Dkt. 9-1; Dkt. 9-2. He applied for asylum on June 16 on the basis that he endured political persecution in India. Dkt. 4 at 3–4. On January 17, 2023, an immigration judge denied Singh's application and ordered him removed to India. Dkt. 9-3 at 3. Singh's appeal of that decision is currently pending. Dkt. 8 ¶ 11; Dkt. 4 at 4.

On September 18, 2025, Singh was arrested during a check-in with Immigration and Customs Enforcement ("ICE") pursuant to an I-200 Warrant of Arrest of a non-citizen.

Dkt. 7 at 2; Dkt. 9-5. Respondents state that they "have not found evidence of a formal OREC revocation." Dkt. 7 at 2 n. 2. Singh has been detained in the Northwest ICE Processing Center since that time. Dkt. 4 at 4. During his detention, Singh was denied a bond redetermination hearing before an Immigration Judge. *Id.* at 6.

On October 10, 2026, Singh filed a petition for writ of habeas corpus, arguing that his prolonged detention violates the Administrative Procedure Act, Immigration and Nationality Act, and his constitutional rights. Dkt. 4 at 23–26. On November 3, Federal Respondents filed a return, arguing that Singh's detention was lawful because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 1.

The habeas petition is ripe for the Court's review. Because the revocation of Singh's OREC violated his due process rights, the Court GRANTS the petition.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

The parties dispute which provision of the Immigration and Nationality Act governs Singh's detention. Singh argues that he is subject to the discretionary detention regime of 8 U.S.C. § 1226(a), Dkt. 4 at 23, while Respondents assert that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7 at 4. This Court has explained that the government's treatment of a petitioner over the course of their removal proceedings is especially relevant in determining the applicable detention authority. *Del Valle Castillo v. Wamsley*, No.

2:25-CV-02054-TMC, 2025 WL 3524932, *5 (W.D. Wash. Nov. 26, 2025). Where, as here, a petitioner was released on an OREC after initial detention, he is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute. *Id.* at 7 (citing *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007)). The Court therefore agrees with Singh that he is subject to discretionary detention.

Singh also contends that his prolonged confinement without "an individualized custody or bond redetermining hearing" violated his due process rights. Dkt. 4 at 6. He seeks immediate release. Dkt. 4 at 5. Respondents do not provide any argument for Singh's continued detention and they acknowledge "that courts, including this Court, have found that due process is violated when noncitizens released on OREC are re-detained without a pre-deprivation hearing and have ordered their immediate release." Dkt. 7 at 5.

Here, there is no dispute that ICE re-detained Singh without any notice, pre-deprivation hearing, or evidence of changed circumstances justifying re-detention. *See* Dkt. 7. The allegations of Singh's petition demonstrate a basis for release under the Due Process Clause, *see E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025), and the return filed by Respondents does not meaningfully contest those allegations. *See Carrero Sanchez v. Warden, et al.*, Case No. 2:26-cv-03986 (W.D. Wash. Nov. 16, 2026). The Court thus concludes the government's decision to re-detain Singh without notice or hearing violated his right to procedural due process.

Given that the discussion above results in the requested relief, the Court need not address Singh's claim that his detention violates the Administrative Procedure Act. *See* Dkt. 4 at 23. The Court therefore GRANTS the habeas petition and ORDERS Respondents to release Singh within 24 hours.

## IV. CONCLUSION

1. The petition for writ of habeas corpus (Dkt. 4) is GRANTED.

2. Within 24 hours of this Order, Respondents must RELEASE Petitioner Brajender Singh subject to the terms of his initial OREC.

3. Respondents must return to Singh any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Respondents shall file a status report confirming that Singh was released in compliance with this Order no later than November 23, 2026.

5. Singh's motion for extension of time (Dkt. 12) and motion for correction of the named respondents (Dkt. 13) are DENIED as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 20 day of November, 2026.

Tiffany M. Cartwright
United States District Judge